Ricky F. RINECK, individually as surviving husband of Joy E. Rineck, and as guardian for Rachel J. Rineck, a minor, Plaintiffs-Respondents-Cross Appellants, †

v.

Leonard C. JOHNSON, CRNA Luther Hospital, St. Paul Fire & Marine Insurance Co., and Wisconsin Patients Compensation Fund, Defendants-Appellants-Cross Respondents,

BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN, Defendant.

Court of Appeals

*No. 88-1555. Submitted on briefs April 6, 1989.—Decided April 25, 1989.*

(Also reported in 440 N.W.2d 830.)

† Petition to review granted.

233

For defendants-appellants-cross respondents there were briefs by *Timothy J. Strattner* and *Gregory W. Lyons* of *Schellinger & Doyle, S.C.,* of Brookfield.

For plaintiffs-respondents-cross appellants there were briefs by *Howard S. Marker* of *Howard S. Marker & Associates, P.A.,* of Minneapolis, Minnesota.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Leonard Johnson appeals a judgment awarding Ricky Rineck $250,000 damages for loss of his deceased spouse's society and companionship. Johnson argues that the trial court erred by refusing to limit the award to $50,000 pursuant to sec. 895.04(4), Stats. Rineck cross-appeals, contending that a child has a separate cause of action for loss of society and companionship when medical malpractice causes death of one parent, regardless of whether the deceased parent's spouse survives. He also argues that he is entitled to compensation for the loss of a deceased parent's child care services beyond the surviving child's eighteenth birthday when the child is disabled.

We conclude that sec. 895.04(4) limits recovery for loss of society and companionship in a wrongful death action to $50,000, notwithstanding sec. 893.55(4), Stats. We also conclude that a surviving child does not have a claim for loss of society and companionship when the surviving spouse asserts such a claim in a wrongful death action and that sec. 895.04(2) limits damages for child care to the costs of child care during the child's minority. Therefore, we affirm in part, reverse in part, and remand for entry of judgment in accordance with this opinion.

The following facts lead to this dispute. Upon being admitted to the hospital, Joy Rineck had an emergency cesarian section. During the operation, Johnson, the anesthetist, negligently failed to supply Joy with an adequate supply of oxygen. She lapsed into a coma and died seven days later. Although the child, Rachel, survived, she is profoundly retarded and has cerebral palsy. As a result, she will need special care for the rest of her life.

Rineck filed a wrongful death action on his behalf and a negligence action on behalf of Rachel for her personal injuries. The parties agreed to bifurcate the two claims, and the present appeal concerns only the wrong-

235

ful death action. The jury awarded Rineck $408,987 in pecuniary damages[1] and $250,000 for loss of society and companionship.

The trial court reduced the amount of pecuniary damages because the amount the jury awarded for services Joy would have provided caring for Rachel after Rachel reached age eighteen was not recoverable. The court also refused to allow Rachel to assert a claim for loss of society and companionship as part of the wrongful death action because Ricky, the surviving spouse, asserted such a claim.

Johnson argues that pursuant to sec. 895.04(4), Rineck cannot recover more than $50,000 for loss of society and companionship. The issue is whether the limitation on the loss of society and companionship established by sec. 895.04(4) was removed in medical malpractice actions when the legislature adopted sec. 893.55(4). Because this involves the interpretation of statutes, it is a question of law that we review independently of the trial court's determination. *Brown v.*

---

[1] This sum was broken down as follows:

a.  Funeral and burial expense—                $5,987.00
                                    (Answered by the Court)

b.  Past and future loss of earnings which Joy E. Rineck would have contributed to the expenses of maintaining the family and the home—                    $200,000.00

c.  Past and future loss of household services—(Not including child care)                          $98,000.00

d.  Past and future loss of child care services by Joy E. Rineck to Rachel J. Rineck up to age 18—          $75,000.00

e.  Future loss of child care services by Joy E. Rineck to Rachel J. Rineck after Rachel J. Rineck reaches her 18th birthday—                           $30,000.00

236

*Thomas,* 127 Wis. 2d 318, 323, 379 N.W.2d 868, 870 (Ct. App. 1985).

Section 895.04(4) provides:

> Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $50,000 for loss of society and companionship may be awarded to the spouse, children or parents of the deceased.

Section 893.55(4)(b) provides:

> The total noneconomic damages recoverable under ch. 655 for bodily injury or death, including any action or proceeding based on contribution or indemnification, may not exceed the limit under par. (d) for each occurrence from all health care providers and all employes of health care providers acting within the scope of their employment and providing health care services who are found negligent and from the patients compensation fund for any action filed on or after June 14, 1986 and before January 1, 1991.

The limitation contained in para. (d) referenced above provides:

> The limit on total noneconomic damages for each occurrence under par. (b) shall be $1,000,000 for actions filed on or after June 14, 1986. . ..

Paragraph (a) defines noneconomic damages as follows:

> In this subsection, "noneconomic damages" means moneys intended to compensate for pain and suffering; humiliation; embarrassment; worry; mental distress; noneconomic effects of disability including loss of enjoyment of the normal activities, benefits and pleasures of life and loss of mental or physical health, well-being or bodily functions; loss of consortium,

237

society and companionship; or loss of love and affection.

In reading these statutes together, the trial court concluded that the language limiting the recovery of total noneconomic damages to $1,000,000 necessarily removed the $50,000 limitation for loss of society and companionship where death results from medical malpractice.

The language in sec. 893.55(4)(d) provides that the total noneconomic losses may not exceed $1,000,000 in the aggregate. This limitation is consistent with a specific limitation on one of the seven types of noneconomic loss identified by the statute. It would seem that the statute's clear and unambiguous language does not abolish the limitation on the amount that may be recovered for loss of society and companionship established by sec. 895.04(4).

The trial court, however, held that the two statutes created an ambiguity. Even if we assume an ambiguity exists and resort to examination of the legislative history, our conclusion remains unchanged.

When statutes are ambiguous, we must determine the legislative intent from the language in the statute in relation to its scope, history, context, subject matter, and object intended to be accomplished. *A. v. Racine County,* 119 Wis. 2d 349, 352, 349 N.W.2d 743, 744 (Ct. App. 1984). We examine the legislative history to determine what effect, if any, the adoption of sec. 893.55(4) had on the previously adopted statute limiting recovery for loss of society and companionship to $50,000. The legislative history is silent as to whether the legislature intended sec. 893.55(4) to preempt sec. 895.04(4) in certain cases. Furthermore, sec. 893.55(4) was intended to limit, not expand, recovery of noneconomic damages in medical malpractice cases. We conclude that in adopting sec.

893.55(4), the legislature did not intend to remove any previously imposed limits on damages recoverable in a wrongful death action. We therefore hold that the provisions of sec. 893.55(4) limiting the total noneconomic damages to $1,000,000 have no effect on the sec. 895.04(4) limitation on the amount recoverable for loss of society and companionship. The trial court is directed to reduce the judgment to reflect the $50,000 limitation on recovery for loss of society and companionship.

On his cross-appeal, Rineck argues that the court erred by refusing to award $30,000 to compensate for the loss of Joy's child care services after Rachel reaches age eighteen. Rineck argues that Rachel, who has suffered severe and permanent injuries, will require support and maintenance well beyond her minority and that Rineck should be able to recover the value of these services in this action because Joy would have provided them.

We note initially that this is a wrongful death action brought by the surviving spouse for the death of his wife. We are not reviewing damages awarded to Rachel in her own right for injuries she received as a result of Johnson's negligence. The right to recover damages for wrongful death is limited strictly to the parties designated by the legislature. *Weiss v. Regent Properties, Ltd.,* 118 Wis. 2d 225, 230–31, 346 N.W.2d 766, 768 (1984).

The wrongful death statute, sec. 895.04(2), provides that

> [i]f the deceased leaves surviving a spouse, and minor children under 18 years of age with whose support the deceased was legally charged, the court. . .in recognition of the duty and responsibility. . .to support minor children, shall determine the amount, if any, to be set aside for the protection of such children.. . .

*See also Steinbarth v. Johannes,* 144 Wis. 2d 159, 164, 423 N.W.2d 540, 541 (1988). This statute limits recovery in a wrongful death action to the child's minority.

The supreme court's decisions in *Shockley v. Prier,* 66 Wis. 2d 394, 225 N.W.2d 495 (1975), and *Theama v. City of Kenosha,* 117 Wis. 2d 508, 344 N.W.2d 513 (1984) support this result. A child's cause of action for loss of a parent's society and companionship in negligence actions is limited to the child's minority. *Theama,* 117 Wis. 2d at 527, 344 N.W.2d at 522. Although this result may seem unduly harsh, we note that the decision as to who may recover and the limits on the amount recoverable pursuant to the wrongful death statute are matters uniquely within the province of the legislature because they involve concerns of public policy. *See Steinbarth,* 144 Wis. 2d at 163–64, 423 N.W.2d at 541. If the limitation on recovery for the support of a child is to be expanded in a wrongful death action to include the services the decedent would have provided after the child reaches majority, it is a matter for the legislature to address. Furthermore, Rachel is not precluded from recovering damages for the special care she will need beyond age eighteen in an action based on Johnson's negligence in causing her injuries. We conclude that the trial court correctly limited Rineck's recovery and excluded the recovery of sums for Rachel's support and maintenance after she reaches age eighteen.

Finally, Rineck argues that Rachel has her own claim for loss of her mother's society and companionship notwithstanding her father's claim as Joy's surviving spouse. This issue is controlled by *Hanson v. Valdivia,* 51 Wis. 2d 466, 187 N.W.2d 151 (1971). In applying sec. 895.04(2), the court stated:

> [S]urviving children do not have a cause of action for the wrongful death of one of their parents when the decedent is survived by his or her spouse, .. . . When there is a surviving spouse the action must be brought by or on behalf of that spouse, and the only special protection afforded the children is that the court may, in its discretion, impose a lien in favor of the children on the amount recovered, not in excess of 50 percent of the recovery.

*Id.* at 475, 187 N.W.2d at 156. Accordingly, we conclude that the trial court correctly denied Rineck's motion to seek damages on Rachel's behalf for the loss of society and companionship.

　　*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded.