Thomas M. GOMEZ, Plaintiff-Appellant,

v.

## LABOR & INDUSTRY REVIEW COMMISSION,
Aunt Nellie's Foods, and Gallagher Bassett Insurance
Service, Defendants-Respondents.†

Court of Appeals

*No. 89-0913. Submitted on briefs October 13, 1989.—Decided
December 14, 1989.*

(Also reported in 451 N.W.2d 475.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *William F. Hue* of *Krek, Harlowe & Hue, S.C.* of Jefferson.

For the defendants-respondents the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Stephen M. Sobota,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, J.J.

EICH, C.J.   Thomas Gomez appeals from an order dismissing his action to review a decision of the Labor and Industry Review Commission denying his application for workers compensation benefits. The issue is whether the trial court properly dismissed the action for

Gomez's failure to serve the commission. We believe dismissal was proper and we affirm the order.

After a hearing examiner denied his application for compensation, Gomez appealed the denial to the Labor and Industry Review Commission. The commission affirmed the denial in a written order, which was accompanied by written instructions outlining the procedures to be followed to obtain judicial review of the decision. After noting that service of the summons and complaint upon the commission is necessary to commence such action, the notice continued: "Service [of the summons and complaint] must be made upon a Commissioner of the Labor and Industry Review Commission or an agent authorized by the Commission to accept service. The Commissioners and authorized agents are located *only* in Madison at the address listed below." (Emphasis added.) The listed address was: "LABOR AND INDUSTRY REVIEW COMMISSION, 201 East Washington Avenue, Room 469 . . . Madison, WI 53708."

Gomez's attorney prepared a summons and petition for review and filed them with the Jefferson County Circuit Court. He then asked his wife, Laura Challoner, a non-lawyer, to serve the papers on the commission. She mistakenly attempted to serve copies of the papers at the local Department of Industry, Labor and Human Relations Job Service office in Watertown and was told by someone there that the papers should be served at Room 161, 201 East Washington Avenue, in Madison.

Challoner drove to the Madison address, went to Room 161—the "worker's comp" office—told the receptionist she had a petition for review and asked what she should do with it. She did not indicate that she also had a summons. The receptionist told Challoner she could leave the papers with her, which she did, and they were

stamped "Received, July 8, 1988, Workers Compensation."

The office where Challoner left the papers was not the commission's; it was the office of the workers compensation division of the Department of Industry, Labor and Human Relations. Somehow, the papers eventually made their way to the commission's offices because the record includes a page from a commission logbook containing the following entry: "7/8/88 Thomas M. Gomez, Plaintiff, v. LIRC . . .. 1 Summons & Complaint served in person on WCD [Workers Compensation Division]. Filed. Found in App. for Hrg. File on 8/23/88."

There is nothing in the record, however, showing service of the documents on any of the members of the commission or the three agents who are authorized to accept service of process on the commission's behalf. As the appeal rights notice states, the commission's offices—including those of all persons authorized to accept service of papers—are located in Room 469, not Room 161, at the East Washington Avenue address.

The trial court granted the commission's motion to dismiss on the grounds that the summons and petition had been improperly served and, as a result, the court lacked jurisdiction to proceed in the matter. The issue is one of law which we decide *de novo,* owing no deference to the trial court's decision. *Rineck v. Johnson,* 150 Wis. 2d 232, 236, 440 N.W.2d 830, 831 (Ct. App. 1989).

Section 102.23(1)(a), Stats., gives an aggrieved party thirty days in which to commence an action for judicial review of a commission order by serving and filing a summons and complaint seeking review of the order "as provided in par. (b)." Section 102.23(1)(b) requires that the summons and complaint for review be served on the commission, stating that "[s]ervice upon a

689

commissioner or agent authorized by the commission to accept service constitutes complete service on all parties . . .." In addition, Wis. Adm. Code, sec. LIRC 3.06 provides that: "Judicial review of any commission decision shall be commenced in the manner . . . specified in s. 102.23, Stats. . . .. Service [of the summons and complaint] must be made upon a commissioner . . . or agent authorized by the commission to accept service . . .."

Gomez argues that his appeal rights should not be lost merely because of a "technical error" in securing service of the summons and complaint, citing *Nigbor v. DILHR,* 120 Wis. 2d 375, 355 N.W.2d 532 (1984), *Sunnyview Village v. Administration Dept.,* 104 Wis. 2d 396, 311 N.W.2d 632 (1981), and *Cruz v. ILHR Department,* 81 Wis. 2d 442, 260 N.W.2d 692 (1978). The cited cases do not require the result urged by Gomez.

In *Cruz,* all parties were properly served; the only "defect" was in the case caption on the pleadings, which named the wrong court. The supreme court, characterizing the defect as "hypertechnical . . . non-prejudicial and non-jurisdictional," disregarded it and allowed the action to continue. *Id.,* 81 Wis. 2d at 449, 260 N.W.2d at 694. *Sunnyview Village* did not involve ch. 102, Stats., at all, but sec. 227.16, Stats. (1979–80), a service statute described by the court as "complex" and "confusing" in its designation of the appropriate agency to serve. *Id.,* 104 Wis. 2d at 400, 311 N.W.2d at 634. There is no suggestion in this case that sec. 102.23(1)(b) is at all complex or confusing; it plainly requires service on the commission. Finally, *Nigbor,* like *Cruz,* involved an omission in the caption of a pleading which the court, noting the rule that a caption "is not a part of a pleading," termed a "technical" error which did not affect the circuit court's jurisdiction. *Nigbor,* 120 Wis. 2d at 381–82, 355 N.W.2d at 536.

Gomez's argument fails to distinguish between cases in which the only error is a technical defect in the pleadings and cases where service was not properly accomplished within the statutory time period or, as here, the proper party was not served. In the former cases, as Gomez points out, the defects occasionally have been labeled "hypertechnical" and overlooked. But the latter defects are considered irremediable and deprive the court of jurisdiction.

This distinction was made clear in *Cruz* where the court stated:

> This court has required strict compliance with [sec. 102.23, Stats.,] and with the procedures for the review of administrative determinations . . ..
>
> [I]n *Brachtl v. Department of Revenue* and *Cudahy v. Department of Revenue,* strict compliance was insisted upon because the necessary parties were not timely served.
>
> It appears that these cases are typical of those previously brought to this court in that they were concerned with the failure to commence any action within the thirty-day period or with the failure to serve necessary parties within the statutory period. [In this case, however,] the pleadings bore the caption of a court which, under the statutes, had no jurisdiction to proceed with the action. We cannot conclude that this is an irremediable defect. *Cruz,* 81 Wis. 2d at 448, 260 N.W.2d at 693-94 [citations omitted].

This case involves more than a simple error in the pleadings or the case caption. It involves the failure to serve the commission within the time allotted by law, and it goes to the trial court's jurisdiction. We consider *In Matter of Petition of Elec. Power Co.,* 110 Wis. 2d 649, 329 N.W.2d 186 (1983), a condemnation case

involving an attempted appeal from a determination of a county commission, to be much more on point. By statute, the appellant was required to serve a notice of appeal on the condemnor—the power company—either personally or by certified mail. The appellant mailed the notice to the attorney who had represented the power company in proceedings before the county commission. The attorney's secretary signed the standard post office certified mail receipt; she did not open the envelope before signing the receipt and nothing on the face of the envelope indicated the nature of its contents. The court dismissed the action, holding that service on the attorney did not comply with the statutory requirement that the notice of appeal be served on the condemnor. *Elec. Power,* 110 Wis. 2d at 661, 329 N.W.2d at 191.

Here, Challoner did not serve the papers on a person authorized to accept them; indeed, she did not even serve them on an employee of the commission, but on a receptionist in the offices of a related, but very different, agency. The commission's specific written instructions setting forth how and on whom to serve the papers—including the room number where such persons could be found—were ignored, and the receptionist with whom the papers were left was not informed that they included a summons. As we have noted, the supreme court has required strict compliance with the statutory procedures governing review of the commission's orders and has held that "[a] violation of these legislative strictures is beyond the competence of this court to remedy. Such defects are jurisdictional, and if in fact the necessary parties are not timely served . . . no court . . . has jurisdiction to proceed." *Cruz,* 81 Wis. 2d at 449, 260 N.W.2d at 694.

We acknowledge the harshness of the result, for it denies Gomez the opportunity for judicial review of the commission's decision. The cases are clear, however, that the statutory procedures must be strictly followed. In *Elec. Power,* for example, the supreme court outlined the policy reasons underlying the rules requiring strict compliance with service requirements. Acknowledging the fact that they often produce harsh results, the court stated that such rules are necessary "to 'maintain a simple, orderly, and uniform way of conducting legal business in our courts. Uniformity, consistency, and compliance with procedural rules are important aspects of the administration of justice. If the statutory prescriptions to obtain jurisdiction are to be meaningful they must be unbending.' " *Id.,* 110 Wis. 2d at 660-61, 329 N.W.2d at 191, quoting *519 Corp. v. Department of Transportation,* 92 Wis. 2d 276, 288, 284 N.W.2d 643, 649 (1979).

Under the circumstances of this case, Gomez's failure to serve the commission cannot be excused as a mere "technical error." It was jurisdictional, and the trial court correctly dismissed the action.

*By the Court.*—Order affirmed.

SUNDBY, J. (concurring). I agree with the majority that we cannot avoid the harshness of the result—denying Gomez the opportunity for judicial review of the commission's decision. I write separately to specifically address Gomez's argument that "[t]hird parties should not be punished for relying upon the statements of governmental employees regarding the scope of their authority to the public's detriment." Gomez refers to the fact that the receptionist at the Worker's Compensation Division office advised the process server that the receptionist could accept petitions for review.

If Wis. Adm. Code sec., LIRC 3.06 did not exist, the service accomplished in this case would have been sufficient under *Fontaine v. Milwaukee County Expressway Comm.,* 31 Wis. 2d 275, 143 N.W.2d 3 (1966) and *Horrigan v. State Farm Ins. Co.,* 106 Wis. 2d 675, 317 N.W.2d 474 (1982).

*Fontaine* held that when an agent (in that case, an attorney) formally acknowledges the receipt of a document, it may be presumed, in the absence of contradiction, that he or she was authorized by the client to accept it. *Id.* at 279, 143 N.W.2d at 6. In the case before us, the most logical scenario is that the receptionist accepted service of the petition for review, gave it to the mail clerk who sent it up to LIRC where an agent of LIRC authorized to accept service logged in the petition and summons. Under *Fontaine,* that service would have been sufficient to give the circuit court jurisdiction over Gomez's petition for review.

In *Horrigan,* the court held that "the circumstances surrounding the service of process, as they appeared to the process server, are relevant." 106 Wis. 2d at 682, 317 N.W.2d at 478. The circumstances surrounding the service of process in this case would have led a reasonable process server to conclude that service had been effective. Under *Horrigan,* this would have been sufficient to accomplish service.

These cases are not applicable here because service can only be accomplished as required by Wis. Adm. Code, sec. LIRC 3.06. That section provides in part: "Service *must* be made upon a commissioner of the labor and industry review commission or an agent authorized by the commission to accept service *only* at the commission's office in Madison." (Emphasis added.) This section was revised and recreated effective June 1, 1988 and was, therefore, applicable at the time of the attempted

service in this case. Prior to the revision, sec. LIRC 3.06 provided: "Service of the summons and complaint shall be made upon a commissioner or agent authorized by the commission to accept service. Service *may* be made at 201 East Washington Avenue, P.O. Box 8126, Madison, Wisconsin 53708." (Emphasis added.) Thus, prior to the revision, service on a commissioner or an agent of LIRC could be made anywhere. Prior to the revision of sec. LIRC 3.06, service at Room 161, 201 East Washington Avenue would not have been contrary to either sec. 102.23(1)(b), Stats., or sec. LIRC 3.06.

It appears that LIRC acted on the suggestion of the court in *Sunnyview Village v. Administration Dept.,* 104 Wis. 2d 396, 412, 311 N.W.2d 632, 640 (1981): "We recommend that governmental entities adopt the practice of providing with their administrative decisions information on how to process proceedings for review, including which governmental entity is to be named and served as respondent." Each decision which is subject to LIRC review now contains the following: "Service must be made upon a Commissioner of the Labor and Industry Review Commission or an agent authorized by the Commission to accept service. The Commissioners and authorized agents are located *only* in Madison at the address listed below." (Emphasis added.) The address listed is Room 469, 201 East Washington Avenue, Madison.

The combination of Wis. Adm. Code, sec. LIRC 3.06 and the instructions provided with the department's administrative decisions on where and how to serve petitions for review renders *Fontaine* and *Horrigan* inapplicable. Therefore, failure to timely serve a LIRC commissioner or an agent authorized by LIRC to accept service deprived the trial court of jurisdiction to entertain Gomez's petition for review. *Brachtl v. Department of*

*Revenue,* 48 Wis. 2d 184, 188, 179 N.W.2d 921, 923 (1970), and *Cudahy v. Department of Revenue,* 66 Wis. 2d 253, 261–62, 224 N.W.2d 570, 574 (1974).