John C. HAGEN, Plaintiff-Appellant-Petitioner,

v.

CITY OF MILWAUKEE EMPLOYEE'S RETIREMENT SYSTEM ANNUITY AND PENSION BOARD, Defendant-Respondent.

Supreme Court

*No. 01–3198. Oral argument April 10, 2003.—Decided June 18, 2003.*

2003 WI 56

(Also reported in 663 N.W.2d 268.)

For the plaintiff-appellant-petitioner there were briefs by *Michael T. Sheedy* and *Michael T. Sheedy & Associates,* Milwaukee, and oral argument by *Michael T. Sheedy.*

For the defendant-respondent there was oral argument by *Maurita Houren,* assistant city attorney, with whom on the brief was *Grant F. Langley,* city attorney.

¶ 1. DIANE S. SYKES, J. The question in this

case is whether the circuit court can acquire personal jurisdiction over a defendant when the plaintiff does not serve the summons and complaint on the defendant, but, rather, mistakenly serves a nonparty in the same building, allegedly after having been directed to do so by a person in the defendant's office. The answer is no.

¶ 2.   John Hagen filed a lawsuit against the City of Milwaukee Employes' Retirement System/Annuity and Pension Board (MERS) seeking certiorari review of its decision to terminate his disability benefits. Hagen's process server asserted in an affidavit that he attempted service of the summons and complaint at the MERS office in Milwaukee City Hall, but was told to go to the city clerk's office instead. The city clerk's office issued a receipt for the summons and complaint.

¶ 3.   MERS is a separate political body from the City of Milwaukee and was never served with the summons and complaint. MERS filed an answer asserting lack of personal jurisdiction based on this defective service, but the defect went uncorrected. MERS moved for summary judgment based on the absence of personal jurisdiction, and the circuit court granted the motion. The court of appeals affirmed.

¶ 4.   Personal jurisdiction over a body politic such as MERS may be obtained by service of the summons and complaint on an officer, director, or managing agent of the body politic, or substitute service on a "person who is apparently in charge of the office" of an officer, director, or managing agent of the body politic. *See* Wis. Stat.   §§ 801.02(1)   and   801.11(4)(a)(7)   and   (b) (1999–2000).[1] Service on a nonparty, even where it

---

[1] All references to the Wisconsin Statues are to the 1999–2000 version.

occurs erroneously in reliance on the mistaken direction of a person in the office of the defendant, does not constitute service on the defendant. The motion for summary judgment based on the absence of personal jurisdiction was properly granted.

## I. FACTS AND PROCEDURAL HISTORY

¶ 5. For purposes of this review, the facts are taken from the complaint and affidavits submitted on the motion for summary judgment. John Hagen worked as a laborer in the City of Milwaukee Department of Public Works for many years. In 1989, he suffered an injury on the job. He retired in 1990 on duty disability, subject to periodic medical examinations to determine his continued eligibility for disability benefits. In 2000, MERS terminated Hagen's disability benefits following a medical reexamination. Hagen appealed the decision administratively, and in March 2001, MERS affirmed its original decision.

¶ 6. On April 19, 2001, Hagen filed a summons and complaint in Milwaukee County Circuit Court seeking certiorari review of MERS' termination of his disability benefits. MERS answered on June 7, 2001, asserting as an affirmative defense lack of personal jurisdiction based on Hagen's failure to serve MERS with an authenticated copy of the summons and complaint. The answer also asserted the affirmative defense of failure to state a claim upon which relief can be granted against "the City of Milwaukee, the party who was served in this matter." Hagen did not further attempt to effectuate service on MERS, even though he had 41 days left in which to do so, pursuant to Wis. Stat. § 801.02(1).

¶ 7. On September 10, 2001, MERS moved for summary judgment, again asserting the absence of

personal jurisdiction due to failure of service. MERS submitted an affidavit of Anne M. Bahr, its Secretary and Executive Director, asserting that she is the officer designated to accept service of process on behalf of MERS, and that MERS had never been served with a summons and complaint. MERS also filed an affidavit of Kathleen Marquardt, a staff assistant in the city clerk's office, asserting that the city clerk's office, located in Room 205 of City Hall, accepts service of process for the City of Milwaukee only, not for any other municipal entity.

¶ 8.   Hagen submitted an affidavit of process server Fred Meier, who asserted that on April 27, 2001, he went to Milwaukee City Hall to serve MERS. Meier stated in his affidavit that when he went to the MERS office in City Hall Room 603, the person who greeted him told him that process "must be served at the city clerk's office." Meier further stated that he proceeded to the city clerk's office where he was greeted by Kathy Marquardt, who "accepted the paper and also face stamped my return copy of the summons. At no time did the city clerk's office state that this was not accepted by them."

¶ 9.   MERS filed a supplemental affidavit of Bahr describing the office procedure for acceptance of service of process and asserting that MERS' "front office personnel [have] no knowledge of ever referring anyone to the City Clerk's office for acceptance of service."

¶ 10.   The circuit court, the Honorable Thomas P. Donegan, granted the motion for summary judgment and dismissed the case. The court of appeals affirmed. We accepted review and now affirm.

## II. STANDARD OF REVIEW

¶ 11.   We review the circuit court's grant of summary judgment de novo, using the same methodology as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). Summary judgment is granted when it is clear that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2). There are some facts in dispute regarding the precise circumstances surrounding the service of process on the city clerk's office. Even accepting Hagen's version of the facts to be true, however, summary judgment dismissing the case is required as a matter of law.

## III. ANALYSIS

¶ 12.   A circuit court obtains personal jurisdiction over a defendant when the defendant is served with a summons in the manner prescribed by the statutes. *Heaston v. Austin,* 47 Wis. 2d 67, 70–71, 176 N.W.2d 309 (1970). The plaintiff has the burden to prove compliance with statutory service requirements, that is, to establish that the defendant was properly served and is therefore subject to the court's jurisdiction. *Danielson v. Brody Seating Co.,* 71 Wis. 2d 424, 427–28, 238 N.W.2d 531 (1976).

¶ 13.   Failure to obtain personal jurisdiction over the defendant by statutorily proper service of process is a fundamental defect fatal to the action, regardless of prejudice. *Am. Family Mut. Ins. Co. v. Royal Ins. Co.,*

167 Wis. 2d 524, 534–35, 481 N.W.2d 629 (1992). "Even if defendant actually knew of the pendency of the action, this is not equivalent to service." *Heaston,* 47 Wis. 2d at 71. "[W]hen a statute prescribes how service is to be made, the statute determines the matter." *Punke v. Brody,* 17 Wis. 2d 9, 13, 115 N.W.2d 601 (1962); *see also Gangler v. Wis. Elec. Power Co.,* 110 Wis. 2d 649, 329 N.W.2d 186 (1983). Thus, the threshold question in a dispute over the adequacy of service is whether the statutory procedures have been met. *Keske v. Square D Co.,* 58 Wis. 2d 307, 311–12, 206 N.W.2d 189 (1973).

¶ 14. The general statutory requirements for commencement and service of a civil action are contained in Wis. Stat. § 801.02(1):

> 801.02 Commencement of action. (1) A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, *provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing.*

Wis. Stat. § 801.02(1) (emphasis added) (applicable to certiorari complaints pursuant to Wis. Stat. § 801.02(5)). Accordingly, Hagen had 90 days after filing his lawsuit to serve MERS with an authenticated copy of the summons and complaint.

¶ 15. MERS is a political corporation.[2] The specific statutory requirements for service of process for purposes of obtaining personal jurisdiction over political corporations are contained in Wis. Stat. § 801.11(4):

---

[2] *See* Milwaukee City Charter § 36–09–6 ("The retirement system shall have all of the powers and privileges of a corporation, as enumerated in chs. 180 and 182, Wis. Stats.").

801.11 Personal jurisdiction, manner of serving summons for. A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 801.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

. . . .

(4) OTHER POLITICAL CORPORATIONS OR BODIES POLITIC. (a) Upon a political corporation or other body politic, by personally serving any of the specified officers, directors, or agents:

. . . .

7. If against any other body politic, an officer, director, or managing agent thereof.

(b) In lieu of delivering the copy of the summons to the person specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

Wis. Stat. § 801.11(4)(a) and (b).

¶ 16.   MERS is a separate political body from the City of Milwaukee.[3] Therefore, Hagen was required to serve an officer, director, or managing agent of MERS (not an officer, director, or managing agent of the City of Milwaukee) before the circuit court could exercise personal jurisdiction over MERS. The statute allows for substitute service on "the person who is apparently in

---

[3] *See, e.g.,* Milwaukee City Charter § 36–15–1 ("The general administration and responsibility for the proper operation of the retirement system and for making effective the provisions of this act are hereby vested in an annuity and pension board."). Boards and commissions that operate independently are subject to direct judicial proceedings as "bodies politic" within Wis. Stat. § 801.11(4)(a)(7). *Watkins v. Milwaukee Cty. Civ. Serv. Comm'n,* 88 Wis. 2d 411, 417–18, 276 N.W.2d 775 (1979).

charge of the office" of an officer, director, or managing agent of a political corporation or other body politic. Wis. Stat. § 801.11(4)(b). The statute does not allow for substitute service on a separate and distinct nonparty political corporation.

¶ 17. The statutory language governing service of process on business corporations generally parallels the language in Wis. Stat. § 801.11(4)(b) governing service of process on political corporations. *See* Wis. Stat. § 801.11(5)(a). Wisconsin Statute § 801.11(5)(a), like its counterpart subsection (4)(b), allows substitute service on "the person who is apparently in charge of the office" of an officer, director, or managing agent of a corporate defendant. *Id.* We have interpreted this phrase to allow service on a person whom the process server reasonably believed, under the circumstances, to be in charge of the office of an officer, director, or managing agent of the corporate defendant.

¶ 18. In *Keske,* the process server went to the offices of the defendant company and asked to see an officer, director, or managing agent of the company. *Keske,* 58 Wis. 2d at 309. When told none was available, he asked to see the person in charge of the office. *Id.* The receptionist directed the process server to the company's director of industrial relations, who, although not in fact "in charge," nevertheless accepted service. *Id.* at 310. We affirmed the circuit court's conclusion that it was "not unreasonable" under these circumstances for the process server to infer that the director of industrial relations was "apparently in charge" of the office of an "officer, director or managing agent" of the company within the meaning of the statute. *Id.* at 314–15.

¶ 19. In *Horrigan v. State Farm Insurance Co.,* 106 Wis. 2d 675, 317 N.W.2d 474 (1982), the process

server went to the office of the defendant insurance company and informed the receptionist that he had a summons to serve. *Id.* at 678–79. The receptionist told the process server to " 'take a seat' and that she would get someone to receive the papers." *Id.* at 679. Soon after, a man appeared from the interior offices and entered the office waiting room. *Id.* Assuming without further inquiry that this man was the person the receptionist had called for, the process server delivered the summons to him. *Id.*

¶ 20. We held in *Horrigan* that "the statute requires that the facts and circumstances surrounding the service must be such that a reasonable process server would conclude that he has served the person apparently in charge of the office of an officer, director or managing agent of the corporation to be served." *Id.* at 677. We concluded that the facts and circumstances surrounding the service in *Horrigan* established the process server's "reasonable belief" that the person he had served at the defendant insurance company was the person in charge, authorized to accept service. *Id.* at 684.

¶ 21. These cases stand for the proposition that personal jurisdiction over a corporate defendant may be acquired if the facts demonstrate that in effectuating substitute service on "the person who is apparently in charge of the office" of an officer, director, or managing agent of the defendant, the process server reasonably but mistakenly serves a person who appears to be, but in fact is not, "in charge" of that office. These cases do not stand for the proposition that personal jurisdiction can be acquired by service on a separate and distinct nonparty, even where the nonparty service occurs by

virtue of the misdirection of the process server by a person in the defendant's office.

¶ 22. The court of appeals has twice refused to extend personal jurisdiction over defendants in cases in which service on the wrong entity is attributable to a process server who has been misdirected. In *Gomez v. Labor & Industry Review Commission,* 153 Wis. 2d 686, 451 N.W.2d 475 (Ct. App. 1989), the plaintiff attempted to serve a summons and complaint seeking judicial review of a decision of the Labor and Industry Review Commission (LIRC) at the Watertown job services office of the Department of Industry, Labor, and Human Relations (DILHR). *Id.* at 688. The process server was directed to and did serve the summons and complaint in the Madison office of the worker's compensation division of DILHR. *Id.* at 688–89. The court of appeals upheld the circuit court's dismissal of the case based on the failure to serve LIRC. *Id.* at 687–88. The court of appeals concluded that the process server "did not serve the papers on a person authorized to accept them; indeed, she did not even serve them on an employee of the commission, but on a receptionist in the office of a related, but very different, agency." *Id.* at 692.

¶ 23. The court of appeals reached a similar conclusion in *Bar Code Resources v. Ameritech Information Systems,* 229 Wis. 2d 287, 599 N.W.2d 872 (Ct. App. 1999). There, the contract between the parties specified that defendant Ameritech's agent for service of process was its vice-president and general counsel, located on the 23rd floor of its office building in Chicago. *Id.* at 289–90. The process server approached the security desk at the Ameritech building in Chicago and stated that he had a summons and complaint to serve on Ameritech. *Id.* at 289. The security manager, an em-

124

ployee of Illinois Bell, an Ameritech subsidiary, said he was authorized to accept service, and the process server served him. *Id.*

¶ 24.    The court of appeals concluded that service on the Illinois Bell security manager, "a person not even in the employ of the targeted corporation," was insufficient to satisfy the statutory requirements for personal jurisdiction over the defendant Ameritech. *Id.* at 294–95. The court held that the place of service—the office of a corporate officer, director, or managing agent —was an objective element of the statute, not subject to inquiries about the process server's subjective reasonable belief. *Id.* at 292. The court concluded that the plaintiff had not established compliance with this objective requirement of the statute. *Id.* at 294–95. Service on a person "apparently in charge" of the wrong office is insufficient, even if it is based upon a process server's reasonable belief in the propriety of service.

¶ 25.    Accordingly, while the statute allows for reasonable mistakes regarding the person "who is apparently in charge of the office" of an officer, director, or managing agent of the defendant, it does not allow for mistaken service on a person in the office of a nonparty to the litigation, regardless of whether the mistake could be considered reasonable. Here, Hagen served neither the defendant MERS nor any of its representatives. As in *Gomez,* the plaintiff here served a "related, but very different" governmental agency. Hagen was placed on notice of the defective service by MERS' answer, but did not correct it, even though ample time remained in which to do so.

¶ 26.    Hagen has not demonstrated compliance with the requirements of Wis. Stat. §§ 801.02(1) and 801.11(4). The circuit court did not acquire personal

jurisdiction over MERS, and therefore properly granted summary judgment dismissing the complaint.

*By the Court.*—The decision of the court of appeals is affirmed.