COURT OF APPEALS
DECISION
DATED AND FILED

November 29, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP795**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CV1052

**IN COURT OF APPEALS
DISTRICT II**

BRANDON WINZER,

PLAINTIFF-APPELLANT,

V.

DR. HARTMANN,

DEFENDANT-RESPONDENT,

MERCY MEDICAL CENTER,

DEFENDANT.

APPEAL from an order of the circuit court for Winnebago County: TERESA S. BASILIERE, Judge. *Affirmed*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Brandon Winzer appeals pro se from an order of the circuit court. He claims the court erred "in dismissing Dr. Hartmann from all claims and causes of action" and in denying Winzer's motion for the appointment of counsel. For the following reasons, we affirm.

### Background

¶2 In December 2018, Winzer filed suit alleging medical malpractice by Hartmann and Mercy Medical Center in connection with an alleged misdiagnosis of a cancerous tumor in October 2012. Mercy filed a motion to dismiss, and Hartmann joined the motion. The circuit court granted the motion on the basis that the case was time-barred. Winzer appealed, and we reversed, concluding "the allegations of the complaint do not establish that Winzer's claim is time-barred as a matter of law."

¶3 On remand, Hartmann moved to dismiss based on Winzer's failure to serve him with the complaint. The circuit court granted the motion and dismissed the complaint without prejudice as against Hartmann. The court also denied a renewed motion by Winzer for the appointment of counsel.

### Discussion

¶4 Where no relevant facts are in dispute, as in this case, whether proper service of process has been made is a question of law we review de novo. *See Culver v. Kaza*, 2021 WI App 57, ¶14, 399 Wis. 2d 131, 963 N.W.2d 865. As to the circuit court's refusal to appoint counsel, such a decision will be upheld unless the court erroneously exercised its discretion. *See Piper v. Popp*, 167 Wis. 2d 633,

643, 658, 482 N.W.2d 353 (1992); *Joni B. v. State*, 202 Wis. 2d 1, 10-11, 549 N.W.2d 411 (1996).

¶5     With Winzer's first issue, he claims the circuit court erred "in dismissing Dr. Hartmann from all claims and causes of action," asserting the court erred because "it's a miscarriage of justice for Dr. Hartmann not to be held liable for his actions" and because the court, according to Winzer, "made no legal determination as to why Dr. Hartmann was being dismissed from all claims & causes of action."

¶6     We do not address this issue because Winzer's six-sentence "argument" on it is completely undeveloped.  *See ABKA Ltd. P'ship v. Board of Rev.*, 231 Wis. 2d 328, 349 n.9, 603 N.W.2d 217 (1999) (This court will not address undeveloped arguments.).  Additionally, it is Winzer's burden to demonstrate how the circuit court erred, and he does not attempt to show us how the court erred by dismissing the complaint as against Hartmann due to Winzer's failure to serve Hartmann.  *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (noting that the appellant bears the burden of demonstrating that the circuit court erred).  An appellant cannot prevail if he does not even try.

¶7     As to Winzer's assertion that the circuit court "made no legal determination as to why Dr. Hartmann was being dismissed from all claims & causes of action," Winzer is simply wrong.  The court's April 19, 2022 order indicates that "all claims and causes of action against Dr. Hartmann in this lawsuit are dismissed" for the reasons stated by the court in its "oral ruling."  In that March 17, 2022 oral ruling, the court unmistakably indicated it was dismissing the complaint as to Hartmann because, as Winzer himself admitted before the circuit court, he had no proof he had served Hartmann with the complaint.  *See Hagen v.*

*City of Milwaukee Employees' Ret. Sys. Annuity & Pension Bd.*, 2003 WI 56, ¶12, 262 Wis. 2d 113, 663 N.W.2d 268 ("The plaintiff has the burden to prove compliance with statutory service requirements, that is, to establish that the defendant was properly served and is therefore subject to the court's jurisdiction."). The court stated, "It is very clear under Wisconsin law, specifically under [WIS. STAT. §] 801.11 [(2021-22)[1]], personal jurisdiction and manner of serving summons, that there was not service, and without service you cannot have jurisdiction over Dr. Hartmann." The court certainly made a "legal determination as to why Dr. Hartmann" was being dismissed from the case.

¶8      Considering the circuit court's denial of Winzer's request for the appointment of counsel, we note that this was a "renewed" request by Winzer. He had previously moved for the appointment of counsel, which motion was denied in 2019. He filed a motion for reconsideration, which the court also denied. In denying Winzer's most recent request for counsel, the court referred back to the reasons it provided in its previous order denying his earlier motion for reconsideration. In that order, the court stated that after reviewing relevant case law, it determined that "a Circuit Court should only appoint counsel after concluding that either the efficient administration of justice warrants it or that due process consideration outweighs the presumption against such an appointment." The court noted that Winzer's case "does not involve a loss of freedom or liberty interest of parenting such as in *Joni B.*" "Moreover," the court continued, cases like Winzer's—a medical malpractice case—"if determined worthy by counsel, are often taken on a contingency fee basis, which does not preclude[] the Plaintiff here of [sic] obtaining counsel." The court concluded that Winzer's case "does not rebut the presumption

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

against appointment of counsel as the Court considered the government interest and resources and the government interest outweighs Plaintiff's request."

¶9 Winzer directs us in part to our supreme court's decision in *Piper*. In that case, the court noted that "a presumption exists against appointment of counsel for an indigent civil litigant when the litigant, such as the litigant in this case, will not likely be deprived of personal liberty if unsuccessful in the litigation." *Piper*, 167 Wis. 2d at 637. It added that "[a] prisoner who appears in circuit court to defend a civil tort action pro se should not have greater rights to appointed counsel than an indigent defendant who is not incarcerated." *Id.* at 638. It held that

> when a prisoner is a defendant in a civil tort action, due process requires that the state grant the prisoner a meaningful opportunity to be heard. The circuit court must determine, subject to appellate review, how a meaningful opportunity to be heard is to be achieved in the particular case. We conclude that the defendant in this case does not have a constitutional right to appointed counsel, given that he had no liberty interest at stake, appeared personally in circuit court to defend himself, and had a meaningful opportunity to defend himself pro se.

*Id.* at 658-59.

¶10 The *Piper* court, as Winzer notes, discussed three due process "elements" "to be evaluated in deciding whether counsel must be appointed: (1) the private interests at stake; (2) the risk that the procedures used will lead to erroneous decisions; and (3) the government's interest at stake." *Id.* at 647. The court ultimately determined that the incarcerated civil defendant was not entitled to the appointment of counsel to defend himself against a civil lawsuit. *Id.* at 655-56. Related to the "private interests at stake," the *Piper* court stated:

> The property interest which the indigent civil litigant is defending in this case, while significant, is not as significant as the liberty interests at stake when a parent's parental rights

are terminated. The interests at stake in the underlying civil tort action in this case are not distinguishable from those at stake in the every day civil tort actions brought for money damages.

*Id.* at 649.

¶11 Considering the private interests at issue in the case now before us, we observe that Winzer, a prisoner like the civil litigant in *Piper*, is the plaintiff in this civil tort action, whereas the litigant in *Piper* was the defendant. The upshot of this is that unlike the *Piper* litigant, Winzer is not at risk of incurring direct financial loss (i.e., a civil judgment against him) if he does not put forth an ideal case. Nor is he at risk of greater loss of liberty or of possibly losing rights to children. *See Dane Cnty. Dep't of Human Servs. v. Mable K.*, 2013 WI 28, ¶48, 346 Wis. 2d 396, 828 N.W.2d 198 (recognizing that parents in termination of parental rights cases "have a statutory right to representation by an attorney under WIS. STAT. § 48.23(2)"). Winzer's interests are certainly no stronger than the interests of the *Piper* litigant.

¶12 In considering the second and third *Piper* "elements," we note that the circuit court in this case also indicated that because Winzer is the plaintiff in this tort case, he has an opportunity to potentially secure legal representation on a contingency-fee basis. As the court noted, "the Plaintiff's case, if determined worthy by counsel, [is] often taken on a contingency fee basis, which does not preclude[] the Plaintiff here of [sic] obtaining counsel." We note that there would likely be a direct correlation between the amount of harm Winzer has suffered and the strength of his case, i.e., the likelihood of prevailing, and the likelihood an attorney would be willing to take his case on a contingency basis. While a medical-malpractice tort claim like the one initiated by Winzer may have complexities to it, Winzer also has a greater chance of contingent-fee representation if his harm is great and the law is on his side, resulting in less chance of an erroneous

decision on the merits of the case. Furthermore, Winzer's case against Hartmann was dismissed on the basis that he failed to serve him with the complaint. While Winzer desired to have counsel assist him with regard to this issue, it is not complex, and Winzer "had a meaningful opportunity to defend himself pro se" on the issue; he just failed to effect service on Hartmann. *See Piper*, 167 Wis. 2d at 659. Specifically, we see little any appointed counsel could have been done to "save" Winzer's case following this failure.

¶13 Considering all of the above factors, we conclude that "the due process elements do not overcome the presumption against appointment of counsel" for Winzer. *See id.* at 650. The circuit court did not erroneously exercise its discretion in denying Winzer's renewed motion for appointment of counsel.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.