PATIENCE DRAKE ROGGENSACK, J.
¶ 68. {concurring). I concur in the majority opinion's conclusion that Deryl B. Beyer did not receive a timely Wis. Stat. § 980.09(2)(a) probable cause hearing. Majority op., ¶ 2.1 also concur in the majority opinion's conclusion of what is an appropriate remedy. Majority op., ¶ 3.1 write separately because under the facts of this case Beyer has not made a sufficient showing of state action that prejudiced him at the probable cause hearing. Therefore, I conclude his right to due process of law was not violated by the interval between the filing of the report of his annual periodic examination and the probable cause hearing conducted pursuant to § 980.09(2)(a).
I. BACKGROUND
¶ 69. Beyer claims that because there was a 22-month interval between the filing of his first annual periodic examination and the probable cause hearing available under Wis. Stat. § 980.09(2)(a), his right to due process was violated. The majority opinion agrees with this contention. Majority op., ¶ 2.
¶ 70. The 22-month interval had many causes. The undisputed facts show that on February 20, 2002, Beyer's first annual periodic examination was conducted. On March 4, 2002, the Department of Health and Family Services timely filed the report and a form showing that Beyer had not waived his right to a probable cause hearing. On August 26, 2002, Beyer requested a probable cause hearing, which request the court forwarded to Beyer's last counsel of record on *39 September 9, 2002. On September 23, 2002, the assistant attorney general wrote suggesting that the State Public Defender appoint counsel for Beyer for the probable cause hearing. On October 23, 2002, the court held a status conference to determine how best to move the matter along. On November 26, 2002, the court appointed an attorney to represent Beyer. On December 19, 2002, counsel and the court agreed that Dr. Lynn Maskel would be contacted to do an independent psychological evaluation.
¶ 71. On January 16, 2003, Beyer wrote the circuit court to complain that his attorney had not contacted him. The clerk forwarded the letter to counsel that the court had appointed on November 26. On March 28, 2003, Beyer moved to dismiss his attorney and for the appointment of another attorney. The court held a phone conference on Beyer's motion on April 3, 2003. On April 9, 2003, the circuit court granted Beyer's request for a new attorney and appointed Attorney Roger Merry to represent Beyer in the future.
¶ 72. On August 5, 2003, the circuit court held another telephone status conference. At that conference, Attorney Merry complained that Dr. Maskel had yet to file a report on Beyer's behalf, despite his repeated contacts of her. That same day the circuit court appointed Dr. Ralph Underwager as a replacement independent psychological examiner. Dr. Underwager began work on Beyer's behalf, but he died before he could file a report. Upon learning of Dr. Underwager's death, the court promptly appointed Dr. Hollida Wake-field, a colleague of Dr. Underwager, to complete an independent review of Beyer's mental condition.
¶ 73. On February 25, 2003, Dr. Pierquet completed Beyer's second annual evaluation. She concluded he remained sexually dangerous. On January 6, 2004, *40 Dr. Wakefield filed her report in which she concluded that there was a substantial probability that Beyer would re-offend. On January 9, 2004, the circuit court conducted a telephonic probable cause hearing and determined that there was not probable cause to warrant a hearing on whether Beyer continued to be a sexually violent person.
II. DISCUSSION
¶ 74. Wisconsin Stat. § 980.09(2)(a) provides that a ch. 980 committee may petition the court for discharge from custody or supervision. It also provides that if the committee has not waived the right to petition, the court is to set a probable cause hearing to determine whether facts exist that warrant a hearing on whether the person is still sexually violent. Section 980.09(2)(a) contains no time limit for holding a probable cause hearing. Therefore, the State has an obligation to hold a hearing within a reasonable time. See Barker v. Wingo, 407 U.S. 514, 530 (1972).
A. Standard of Review
¶ 75. Whether a violation of due process has occurred is a question of law that we review independently. State v. Aufderhaar, 2005 WI 108, ¶ 10, 283 Wis. 2d 336, 700 N.W.2d 4.
B. Due Process
¶ 76. The majority opinion relies on the Fourteenth Amendment of the United States Constitution to conclude that Beyer has sustained a due process violation due to unreasonable delay in holding the probable cause hearing. Majority op., ¶ 6. The Four *41 teenth Amendment provides in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law ..." (emphasis added). Accordingly, a due process violation can occur only as a result of state action or inaction when there is a duty to act. See State v. Jadowski, 2004 WI 68, ¶ 42, 272 Wis. 2d 418, 680 N.W.2d 810.
¶ 77. We have held that in certain circumstances only an intentional delay by the State will violate a person's right to due process. State v. Montgomery, 148 Wis. 2d 593, 595, 436 N.W.2d 303 (1989) (concluding that "only an intentional delay by the State to avoid juvenile [court] jurisdiction constitutes a due-process violation"). We have also held that a due process violation may arise from "wrongful, arbitrary" actions of the government. State v. Rachel, 2002 WI 81, ¶ 61, 254 Wis. 2d 215, 647 N.W.2d 762. The United States Supreme Court has held that the test to be applied to the timeliness by which a state holds a hearing or trial is one of reasonableness under the circumstances the case at hand presents. Barker, 407 U.S. at 533.
¶ 78. Barker sets out four factors to consider when a claim is made that due process rights have been violated because of a delay in holding a hearing: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a hearing; and (4) prejudice caused the defendant by the delay. Id. at 530. As Barker explains, "none of the four factors identified [is] either a necessary or sufficient condition to the finding of a deprivation of the [due process right]." Id. at 533. Barker's four factors inform my analysis.
¶ 79. I agree with the majority opinion that a 22-month delay in holding a probable cause hearing is too long. However, that delay is only a triggering event that requires consideration of an asserted due process *42 violation. Id. at 530. Here, there has been no allegation that the delay was intended to deny Beyer a probable cause hearing, and state action did not cause most of the delay.
¶ 80. The majority opinion finds fault with the circuit court for what it characterizes as "not begin[ning] the process by which Beyer's annual periodic examination report would be reviewed until over six months after it received [it.]" Majority op., ¶ 34. However, Beyer did not request a probable cause hearing until five months later. Only 14 days after Beyer made his request, the court forwarded it to his last counsel of record and to the last counsel of record for the State. Fourteen days after that, the court determined that the public defender needed to appoint successor counsel for Beyer, and one month later the court held a status conference to see how preparations for the probable cause hearing were progressing. None of those time intervals was unreasonable.
¶ 81. Furthermore, all of the delays between the October 23, 2002 status conference and the telephonic probable cause hearing on January 9, 2004 were the result of events that do not constitute state action: an appointed attorney that did not proceed with diligence; an appointed expert that did not complete the required report; an appointed expert who died before his report could be filed.
¶ 82. And finally, the report that Beyer's expert filed on January 6, 2004 concluded that Beyer remained a sexually violent person who was substantially likely to re-offend, as had the State's initial periodic review that was filed March 4, 2002 and the State's second annual review, completed by Dr. Pierquet on February 25,2003. Therefore, Beyer was not prejudiced by the delay in conducting a probable cause hearing.
*43 III. CONCLUSION
¶ 83. Because Beyer has not made a sufficient showing of state action that prejudiced him at the probable cause hearing, I conclude that his right to due process of law was not violated by the interval between the filing of the report of his annual periodic examination and the probable cause hearing conducted pursuant to Wis. Stat. § 980.09(2)(a). Therefore, I respectfully concur in the majority opinion.
¶ 84. I am authorized to state that Justice JON E WILCOX joins this concurrence.