STATE of Wisconsin, Plaintiff-Respondent,

v.

Cody G. PHILLIPS, Defendant-Appellant.

Court of Appeals

*No. 2012AP2103–CR. Submitted on briefs October 22, 2013.
—Decided December 18, 2013.*

2014 WI App 3

(Also reported in 842 N.W.2d 504.)

493

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Deborah J. Stahl* of Law Office of *Deborah J. Stahl*, Middleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sally L. Wellman*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.    Cody Phillips, a juvenile, was improperly waived into adult court as state statute prevented waiver on one of the two counts for which he was waived. Phillips sought remand to the juvenile court. The adult court refused to return Phillips to the juvenile court, and Phillips appeals. We agree that remand to the juvenile court was required as the juvenile court lacked competency to waive its jurisdiction over one of the counts upon which Phillips's waiver was based, rendering the waiver order invalid and ineffective.

## BACKGROUND

¶ 2.    On March 8, 2010, the State filed a delinquency petition in juvenile court against Phillips, whose date of birth is February 18, 1994. The petition alleged that Phillips committed one count of first-degree sexual assault of a child by use or threat of force or violence during the fall of 2007 or 2008 (Count 1) and one count of second-degree sexual assault of a child on March 2, 2010 (Count 2). The State also filed a petition seeking to have the juvenile court waive its jurisdiction over Phillips on both counts. The juvenile court waived Phillips into adult court on both counts.

¶ 3.    In adult court, the State brought charges against Phillips on Counts 1 and 2. Phillips pled no contest to two counts of second-degree sexual assault of a child after plea negotiations with the State, and he received consecutive and bifurcated sentences for a total of fourteen years for each count.[1] After sentencing, it was discovered that as Phillips was under the age of

---

[1] Phillips was sentenced to six years' initial confinement for Count 1 with another four years' confinement to be served

495

fifteen at the time he allegedly committed Count 1, he was statutorily ineligible to be waived into adult court on that charge. It was also discovered that Phillips was not subject to a mandatory minimum imprisonment of twenty-five years upon conviction of Count 1 as the State had alleged in both the complaint and information filed in adult court. Phillips moved to withdraw his pleas and vacate his convictions on the ground that his pleas were improperly obtained as they were made under the false threat of a mandatory minimum sentence. The State did not contest Phillips's motion to vacate his pleas and conviction. Phillips also moved for remand to the juvenile court due to the invalid waiver order. The adult court granted Phillips's motion to withdraw his pleas and vacated the convictions, but refused to remand the case to the juvenile court. Phillips appeals.[2]

## STANDARD OF REVIEW

■

¶ 4.   Whether a court has jurisdiction in a particular case presents a question of law to which we apply an independent standard of review. *State v. LeQue*, 150 Wis. 2d 256, 262, 442 N.W.2d 494 (Ct. App. 1989).

consecutively for Count 2, and eight years' extended supervision for Count 1 followed by ten years' extended supervision for Count 2.

[2] Phillips's appeal challenges the court's order only as it pertains to remand. The order as it pertains to Phillips's plea withdrawal and vacation of his convictions is not challenged on appeal, and therefore, we affirm that part of the order. We granted leave to appeal the interlocutory order pursuant to Wis. Stat. § 808.03(2) (2011–12). All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

## DISCUSSION

¶ 5.   Wisconsin Stat. § 938.12 gives juvenile courts exclusive jurisdiction over juveniles between the ages of ten and sixteen years who are alleged to be delinquent. The juvenile court retains jurisdiction over a juvenile if a delinquency petition has been filed and the proceedings have not been completed before the juvenile reaches seventeen years of age. Sec. 938.12(2); *see also TDP v. State*, 109 Wis. 2d 495, 499–500, 326 N.W.2d 741 (1982) (interpreting the predecessor statute to § 938.12(2)).

¶ 6.   After the filing of a delinquency petition, a juvenile court may waive its jurisdiction over juveniles of certain ages who have been charged with certain crimes, including a juvenile alleged to have violated a state criminal law on or after his or her fifteenth birthday. Wis. Stat. § 938.18(1)-(2). The juvenile's age on the date of the alleged offense mandates whether the juvenile court has competency[3] to consider waiver. *See P.A.K. v. State*, 119 Wis. 2d 871, 875, 350 N.W.2d 677 (1984); *Michael J. L. v. State*, 174 Wis. 2d 131, 139–40, 496 N.W.2d 758 (Ct. App. 1993). An order is not valid when issued by a court that lacks competency due to the

---

[3] Courts also have referred to this as subject matter jurisdiction, but as we noted in *State v. Schroeder*, 224 Wis. 2d 706, 717–18, 593 N.W.2d 76 (Ct. App. 1999), competency is the more accurate characterization as it refers to whether a court can adjudicate the specific case before it rather than whether it can adjudicate the kind of case before it. We do not address whether Phillips's pleas waived his subsequent challenge to the juvenile court's competency, *see Green Cnty. DHS v. H.N.*, 162 Wis. 2d 635, 654–56, 469 N.W.2d 845 (1991), as the adult court allowed Phillips to withdraw his pleas and the State has not argued that this decision was incorrect.

failure to follow fundamental statutory requirements, *see Village of Elm Grove v. Brefka*, 2013 WI 54, ¶¶ 16, 18, 348 Wis. 2d 282, 832 N.W.2d 121, such as the age requirements of § 938.18(1).

¶ 7. The State concedes that the juvenile court did not have statutory authority to waive Phillips into adult court based on Count 1. The State argues, however, that the remedy for this improper waiver entitles Phillips only to the withdrawal of his pleas and vacation of his convictions in adult court, not remand to juvenile court. The State argues that it should be allowed to proceed against Phillips in adult court for both Counts 1 and 2 as Phillips is now an adult and the waiver order pertaining to Count 2 was valid. The only support the State provides for its argument are a series of cases where proceedings against the alleged offenders were initiated in adult court after the offenders had passed the age of juvenile court jurisdiction.

¶ 8. We cannot accept the State's argument as it relies on inapplicable authority and contradicts the plain language of WIS. STAT. § 938.12(2), which states that the juvenile court retains jurisdiction over ongoing cases where a delinquency petition is filed when the alleged offender is a juvenile. The fact that errors by the State, Phillips's attorneys, and both the juvenile and adult courts delayed the proceedings and Phillips has since become an adult does not affect the juvenile court's jurisdiction over this matter under § 938.12(2). *See D.W.B. v. State*, 158 Wis. 2d 398, 404–05, 462 N.W.2d 520 (1990). Phillips was a juvenile when the delinquency petition relying on Counts 1 and 2 was filed, and without a valid waiver order, the juvenile court retained jurisdiction over Phillips for those charges.

¶ 9. The State's initiation of proceedings against Phillips on Count 1 in juvenile court means that Phillips

may never be waived into adult court on this charge. His current age and the potential dispositions available to the juvenile court upon remand do not negate the plain language of the Juvenile Code or the guidance of our case law. *See id.* (State may not usurp power from juvenile court over juveniles who turn eighteen during pending juvenile court proceedings). For the State to argue that the "ends" of adult court jurisdiction justify the "means" of obtaining adult court jurisdiction contrary to what our statutes allow is a false argument.

¶ 10. We also reject the State's contention that the waiver order is valid as it pertains to Count 2, permitting jurisdiction in adult court to attach for that count. The juvenile court did not have competency to consider waiver for one of the counts on which the waiver order was based. The waiver order was thus invalid and ineffective, precluding the adult court from assuming jurisdiction. *See State v. Aufderhaar*, 2005 WI 108, ¶ 28, 283 Wis. 2d 336, 700 N.W.2d 4. Only the juvenile court can determine whether waiver over Phillips is appropriate based on Count 2 alone.

## CONCLUSION

¶ 11. As the waiver order by the juvenile court was invalid, the adult court never obtained jurisdiction and the case must be remanded to juvenile court, where the original defect occurred. *See id.* After remand, the juvenile court may order such relief as is appropriate under WIS. STAT. ch. 938, consistent with this decision.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.