# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 6, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP621**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020CV2673

**IN COURT OF APPEALS
DISTRICT I**

---

BYRON K. LEONZAL,

PLAINTIFF-RESPONDENT,

UNITEDHEALTHCARE OF WISCONSIN INCORPORATED, UNITEDHEALTHCARE INSURANCE COMPANY, CHILDREN'S COMMUNITY HEALTH PLAN, INCORPORATED AND CIGNA HEALTH AND LIFE INSURANCE COMPANY,

INVOLUNTARY-PLAINTIFFS,

V.

DAIRYLAND INSURANCE COMPANY, ABC INSURANCE COMPANY (UNKNOWN INSURANCE COMPANY), WISCONSIN MUTUAL INSURANCE COMPANY, DEF INSURANCE COMPANY (AN UNKNOWN INSURANCE COMPANY) AND ALBERT L. DOUGLAS,

DEFENDANTS,

RBJ RESTAURANT GROUP LIMITED LIABILITY COMPANY,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: PEDRO COLON, Judge. *Reversed and cause remanded with instructions.*

Before Donald, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. RBJ Restaurant Group LLC (RBJ) appeals the non-final order denying a motion to dismiss for insufficient service of the summons and complaint.[1]  We conclude that the circuit court applied the improper standard of law when it found that service was made in accordance with WIS. STAT. § 801.11(5); accordingly, we reverse and remand with instructions to grant RBJ's motion to dismiss.

## BACKGROUND

¶2     This appeal arises solely out of a question of law and we will not recite the facts relating to the underlying claims in the case.  On April 12, 2020, Leonzal filed a summons and complaint against RBJ, a Papa Johns franchise owner.  RBJ's principal place of business in the summons and complaint was an address on South 3rd Street in Milwaukee.  RBJ's registered agent was listed as Rodney Robinson, located at an address on West North Avenue in Wauwatosa.

---

[1] This court granted leave to appeal the order.  *See* WIS. STAT. RULE 908.50(3) (2019-20).

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶3 On October 14, 2020, RBJ filed a motion to dismiss for insufficient service, pursuant to WIS. STAT. § 802.06(2)(a).[2] The record reflected that two service attempts were made, both on April 29, 2020. In the first, the process server, Shannon Gutierrez, attempted to serve RBJ via registered agent Robinson at the North Avenue address in Wauwatosa. However, Gutierrez noted that he spoke with an employee at the North Avenue store who stated that RBJ no longer owned the business and directed him to a Papa Johns store on West Wells Street in Milwaukee. In the second attempt, Gutierrez was directed to serve RBJ via registered agent Robinson at the West Wells Street address; he attested that RBJ was served at 3:00 p.m., via personal service upon "MARVIN JOHNSON as EMPLOYEE/AUTHORIZED" of RBJ.

¶4 After additional briefing, the circuit court conducted an evidentiary hearing on March 10, 2021, at which Gutierrez, Robinson, and Johnson each testified. Gutierrez testified that he spoke with the manager on duty at the North Avenue Papa Johns store and learned that RBJ no longer owned the store, but that Robinson and RBJ instead were at the West Wells Street Papa Johns store. He understood that the person he spoke to was not an employee of RBJ. He went to the West Wells Street Papa Johns store, where he asked Johnson if Robinson was at the store and whether Robinson owned the store. Gutierrez stated that Johnson told him that Robinson owned the store, he was not available, but would be back later, and that Johnson "was authorized to accept and he was a manager."

---

[2] We note that RBJ moved to dismiss Leonzal's claims under both WIS. STAT. § 802.06(2)(a)3. for lack of jurisdiction over the person and subdivision 4. for insufficiency of summons or process. Because we understand RBJ's argument to be that the court failed to gain personal jurisdiction over RBJ because of the insufficient service, we address these concerns together. We use "service" and "service of process" to mean service of the summons and complaint in this case.

Gutierrez did not ask Johnson if Robinson was an officer, director or managing agent of RBJ, or if this location was Robinson's office. He testified that he was attempting to serve RBJ's registered agent when he went to both the North Avenue Papa Johns and the West Wells Street Papa Johns.

¶5 The second witness was Robinson, who testified that he was the president, CEO, and managing member of RBJ. He testified he was the only member of the LLC that lived in Wisconsin and he maintained its only office in Wisconsin at his personal residence in an apartment on South 3rd Street. Robinson stated that RBJ owned the Wells Street store, but he did not maintain an office there. He explained that Johnson was a shift manager/hourly employee at the Wells Street store, and he was not authorized to accept service of process for RBJ. Robinson testified that RBJ previously owned the North Avenue Papa Johns store and that address was provided to the Wisconsin Department of Financial Institutions (DFI) as the address of RBJ's registered agent. He acknowledged that RBJ sold the North Avenue store and did not update the address of RBJ's registered agent with DFI, which meant that at the time of the attempted service, the wrong address was listed for Robinson as the registered agent of RBJ.

¶6 The final witness was Johnson, who testified that he was an hourly shift lead/manager at the Wells Street Papa Johns store, which was owned by RBJ. He testified that Sam Rekowski was the general manager of the store and he reported to her. Johnson stated that Robinson did not have an office at the Wells Street store, had never had an office there, and had no set schedule to visit the store. He recalled Gutierrez coming by while he was doing pizza preparation in the back, he accepted a letter for Robinson from him, but he did not know the letter was a legal document. Johnson did not recall Gutierrez saying he was there to serve legal documents on Robinson or RBJ. Johnson regularly accepted

packages and mailings for the store, but not legal documents. He did not look at the papers that Gutierrez gave him, put them on the desk in the general manager's office within the store, and did not think about them again until Robinson contacted him during this litigation.

¶7     After testimony and arguments by counsel, the circuit court made an oral ruling, concluding that service of process was accomplished because Gutierrez showed "reasonable diligence" based on the available information, as was required. The court noted he went to two locations and he asked Johnson questions about who was in charge. The court stated that Johnson's "recollections were not as clear" as Gutierrez's testimony. Then, RBJ's counsel asked the court to clarify its ruling as to the objective test for service. The court stated that Gutierrez went to the registered agent's address on DFI's website and was told the store was sold two years earlier. The court stated that "a Papa Johns restaurant was the principal office for purposes of agency on … the day that the [DFI] documents were filed." The court continued that it was reasonable for Gutierrez to consider another Papa Johns restaurant as the "principal office" of RBJ because the DFI-listed address was a restaurant. The circuit court denied RBJ's motion to dismiss. RBJ filed a petition for leave to appeal with this court, which we granted.

## DISCUSSION

¶8     RBJ appeals from the non-final order of the circuit court denying its motion to dismiss for lack of jurisdiction due to insufficient service. The circuit court ruled that it had personal jurisdiction over RBJ because the process server acted with reasonable diligence when attempting service, and believed the person given the summons and complaint had apparent authority to receive the documents for RBJ. However, the process server did not attempt service at the correct office;

thus failing to comply with the statutory procedure and failing to overcome the threshold inquiry of sufficiency of service. *See* ***Hagen v. City of Milwaukee Emps. Ret. Sys. Annuity & Pension Bd.***, 2003 WI 56, ¶13, 262 Wis. 2d 113, 663 N.W.2d 268. We conclude that the circuit court did not have jurisdiction over RBJ because service was not made at the correct office in accordance with the statutory procedures to commence a civil action. Therefore, we reverse the circuit court order and remand.

¶9 "A circuit court obtains personal jurisdiction over a defendant when the defendant is served with a summons in the manner prescribed by the statutes." *Id.*, ¶12. Service over a defendant that is an LLC or corporation is governed by WIS. STAT. § 801.11(5). It is accomplished "[b]y personally serving the summons upon an officer, director or managing agent" of the business organization. Sec. 801.11(5)(a). "In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office." *Id.* If personal service on an LLC officer, director, or managing agent is not available through reasonable diligence, the plaintiff may serve by publication and mailing or by serving the registered agent of the LLC. Sec. 801.11(5)(b)-(c).[3]

¶10 A defendant may bring a motion to dismiss an action based on lack of personal jurisdiction due to insufficient service of process. WIS. STAT.

---

[3] Additionally, personal service may be obtained "[b]y serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant." WIS. STAT. § 801.11(5)(c). We note that service was attempted in this case in 2020, well before the substantial amendment of WIS. STAT. ch. 183 in 2021 Wis. Act. 258 in April 2022 (taking effect January 1, 2023). An LLC is required to maintain a registered agent, which may accept service of process—under WIS. STAT. § 183.0115 (2019-20) and under WIS. STAT. § 183.0105 (2017-18).

§ 802.06(2)(a)3.-4. We employ a two step process to review whether service on an LLC or corporation was sufficient when personal service upon the LLC officer was not accomplished pursuant to WIS. STAT. § 801.11(5)(a). The first step is an objective test—was service made by leaving a copy "in the office of such officer, director or managing agent." *Bar Code Res., a Div. of Allen Mgmt., Inc. v. Ameritech Info. Sys., Inc.*, 229 Wis. 2d 287, 292, 599 N.W.2d 872 (Ct. App. 1999) (quoting Sec. 801.11(5)(a)). If the plaintiff served the correct office of such officer, director or managing agent, then we consider the second step. The second step is the subjective test of whether the copy was left with "the person who is apparently in charge of the office." *Bar Code Res.*, 229 Wis. 2d at 292 (quoting Sec. 801.11(5)(a)). If "the process server simply fails to locate the correct office, service cannot be accomplished and, therefore, the second question need not be considered." *Bar Code Res.*, 229 Wis. 2d at 292.

¶11 Two cases illustrate the application of the objective test for the correct office to serve. In *Hagen*, the plaintiff brought an action against the Milwaukee Employes' Retirement System (MERS), which has offices in the Milwaukee City Hall building; however, the process server was misdirected within the building and incorrectly served the City Clerk's office, not the separate office for the political body of MERS. *Id.*, 262 Wis. 2d 113, ¶2. Our supreme court reaffirmed that "the place of service—the office of a corporate officer, director, or managing agent—was an objective element of the statute, not subject to inquiries about the process server's subjective reasonable belief." *Id.*, ¶24. Although "reasonable mistakes regarding the person 'who is apparently in charge of the office' of an officer, director, or managing agent of the defendant" may be permissible, the statute "does not allow for mistaken service on a person in the

7

office of a nonparty to the litigation, regardless of whether the mistake could be considered reasonable." *Id.*, ¶25.

¶12 The second illustration is *Bar Code Resources*, in which the plaintiff's process server went to the address listed in the plaintiff's contract with the defendant, Ameritech. *Id.*, 229 Wis. 2d at 289. However, instead of serving the correct office for the defendant company, the process server served a security guard for a subsidiary of the defendant company whom the process server believed had apparent authority to accept service of process. *Id.* at 290. This court clarified that under a literal and strict reading of WIS. STAT. § 801.11(5)(a), compliance with the objective question of the correct office where service of process may occur must be satisfied before reaching the "subjective element of the 'who may be served' requirement[.]" *Bar Code Res.*, 229 Wis. 2d at 294 (citation omitted).

¶13 Upon our review of the record, we conclude that RBJ is correct that the circuit court did not focus on the threshold question of "where" service must be made. Although there was an error on the DFI website with regard to the registered agent's address—an error that arose from RBJ's failure to update DFI when it moved—the summons and complaint itself had RBJ's principal place of business correctly noted. The record reflects that the process server went to the registered agent's address on North Avenue as listed on the DFI website and was told that RBJ no longer owned that Papa Johns location. Upon hearing that the store was no longer owned by RBJ, that Robinson had no office there, and that the person speaking did not work for RBJ—the process server should have tried the principal place of business on the summons. Instead of focusing on whether the address was the objectively correct office for service, the circuit court considered

the process server's reasonable diligence to ascertain who was in charge at the Wells Street store.

¶14     We conclude that the circuit court did not have personal jurisdiction over RBJ because service was not made at the correct office. Personal jurisdiction cannot be accomplished "by service on a separate and distinct nonparty, even where the nonparty service occurs by virtue of the misdirection of the process server by a person in the defendant's office." *Hagen*, 262 Wis. 2d 113, ¶21. Here, the process server followed information given at the North Avenue store by someone who was not associated with RBJ and went to the Wells Street store. However, the Wells Street store was not—and was not listed anywhere as—the office of an officer, director or managing agent of RBJ. Because it was not the correct office, the process server's subjective understanding of who was in charge and who could accept service is not the relevant inquiry. "Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh." *Mech v. Borowski*, 116 Wis. 2d 683, 686, 342 N.W.2d 759 (Ct. App. 1983).

¶15     Additionally, we reject Leonzal's final argument that public policy considerations support upholding the circuit court order denying RBJ's motion to dismiss. He contends that his attempts at service of process were stymied by RBJ's failures to follow the obligations imposed under WIS. STAT. ch. 183.[4] He asserts that Robinson certified that the registered agent address was correct in

---

[4] We note that RBJ's argument is premised on the Wisconsin statutes addressing LLCs prior to the adoption of 2021 Wis. Act. 258 in April 2022. The relevant procedures have been renumbered in Act 258; however, we address the statutes in effect at the time service was attempted in April 2020.

annual reports when that was not true. RBJ argues that Leonzal relies on no legal authority for the proposition that the requirements of chapter 183, which did not provide penalties for failing to update the register's agent's address, would overcome the plain language of WIS. STAT. § 801.11(5)(a) and caselaw requiring strict compliance with statutory service provisions. Instead, RBJ points out that the statutory structure provides clear directions to effectuate service, first under WIS. STAT. § 801.11(5), and if necessary, under WIS. STAT. § 183.0105(8) (2017-18). That latter statute allows (1) for service of process on an LLC's registered agent, (2) if an LLC "has no registered agent or the agent cannot with reasonable diligence be served," the LLC may be served by mail, under WIS. STAT. § 183.0105(8)(b) (2017-18), or (3) if the address cannot be determined from DFI records, then by publication, under WIS. STAT. § 183.0105(8)(c) (2017-18). Upon review, we conclude that the statutes provided clear guidance for the process server to properly effectuate service and public policy concerns do not outweigh the strict construction of those statutes.

¶16 Ultimately, Leonzal's efforts to obtain personal jurisdiction over RBJ were insufficient because service of process was not made at the correct office. "Failure to obtain personal jurisdiction over the defendant by statutorily proper service of process is a fundamental defect fatal to the action, regardless of prejudice." *Hagen*, 262 Wis. 2d 113, ¶13. Thus, we conclude that the circuit court did not have personal jurisdiction over RBJ and the court should have granted RBJ's motion to dismiss.

## CONCLUSION

¶17 For the reasons stated above, we conclude that the circuit court did not have personal jurisdiction over RBJ because of insufficient service of process.

10

Therefore, we reverse the circuit court's order and remand with instructions to grant RBJ's motion to dismiss.

*By the Court.*—Order reversed and cause remanded with instructions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.